No. 04-14-00497-CV

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

DAVID GOAD
Appellant

v.

THE COUNTY OF GUADALUPE, TEXAS,
Appelle.

FROM THE 25TH JUDICIAL DISTRICT COURT
GUADALUPE COUNTY, TEXAS

Trial Court No. 12-1923-CV
William Old, Judge Presiding

---

APPELLANT'S BRIEF

---

PAID
NEW BRAUNFELS, TX
78130
FEB 02, 15
AMOUNT
$5.75
78205    00113631-09

David Goad, *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

ORAL ARUGENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

David Goad, Appellant, *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052


The County of Guadalupe, Texas.

Represented by counsel:

McCreary, Veselka, Bragg & Allen, P.C.
Mathew Tepper, (bar no. 24029008)
700 Jeffrey Way., Suite 100
Round Rock, Texas 78665
512-323-3200
512-323-3294 (fax)

No. 04-14-00497-CV

_____

IN THE

FOURTH COURT OF APPEALS

SAN ANTONIO, TEXAS

_____

DAVID CARL GOAD
Appellant.

v.

THE COUNTY OF GUADALUPE, TEXAS,

Appelle.

_____

APPELLANT'S BRIEF

_____

TO THE HONORABLE FOURTH COURT OF APPEALS:

David Goad (Goad), Appellant in this proceeding and Defendant in the trial court, files this Brief in support of his appeal from two orders.

## STATEMENT OF CASE

This is an appeal from a Judgment entered against David Goad (father) and Natalie Goad (daughter) for unpaid real property taxes on June 2, 2014. The real property (property) in question was purchased by David Goad under the Texas Gift to Minors Act. At the time of judgment, June 2, 2014, David Goad was custodian of the property, and Natalie Goad was 20 years of age, having no legal authority or control over the property in question.

## STATEMENT OF JURISDICTION

This is an appeal from orders coming from the 25th District Court, Guadalupe County, Texas. This Court has jurisdiction over these matters from the lower Court.

## ISSUES PRESENTED

**ISSUE ONE**:

Did Chief Appraiser, Jamie Osborne (and possible others) commit fraud upon the court in their quest to obtain a favorable judgment?

**ISSUE TWO**:

Did Supporters (others) and Jamie Osborne with deliberate indifference, engaged in conduct intended to deprive David Goad and Natalie Goad of their rights protected under the 14th Amendment. Mainly, the due process rights of both David and Natalie Goad?

**ISSUE THREE**:

Did the trial Court abuse its discretion in failing to address issues before it?

## SPECIAL ISSUES

Appellant, David Goad (Goad) presents these special issues for the courts consideration

**SPECIAL ISSUE ONE**:

The trial court failed to provide Goad with documentation that indicates what the trial court forwarded to this appeal court. Therefore, Goad has no idea what was sent to the appeals court of the document number to reference a particular document. Under Texas Rules of Appellate Procedure (TRAP) 6.3. *"Any notice, copies of documents filed in an appellate court, or*

4

*other communications must be sent to:"* In Summary: to Goad. Goad did not receive a list or any information from the trial court.

This is an ongoing issue which surrounds Goad's appeals over several years. If the court wishes to learn how deep this subject goes, upon notification, Goad will brief the court on three incidences since 2009. These incidences burden Goad's road to success in his appeals.

## SPECIAL ISSUE TWO:

For medical reasons, Goad was unable to attend the trial on June 2, 2014. Again, if the court would like to be briefed on this subject, Goad will, upon request provide medical information that supports his non-attendance.

## SPECIAL ISSUE THREE:

Goad is providing information that proves fraud upon the court is at issue. It is difficult given the facts that are presented in this brief to completely rule out that opposing council had a lack of knowledge.

What Goad presents in this brief is a small wave in a large ocean of acts that are intended to harm Goad. A read of "The Black Robe Syndicate" found at www.transparentjusticefoundation.org will provide a small glimpse into Goad's experiences in Texas Courts since 2008 (surrounding the same property). This read may also shine some light on the traceable causes of Goad's medical issues (strokes & heart surgery) which are ongoing and significant.

## SPECIAL ISSUE FOUR:

Goad asks for "Oral Argument Requested." Goad has always been a poor writer. Over the years he was able to employ someone to edit and spiff-up his communications. Now, he can no longer afford an editor/writer and with his heart issues and the medication(s) he was forced to

take, his memory and other basic skills are at times diminished to a level that is embarrassing to say the least. You will find it apparent in reading Goad's original pleadings in this case that he at times makes no sense. For these reasons, it is important that you allow Goad to argue this matter before the court.

**SPECIAL ISSUE FIVE:**

The Court refuses to abide by its own rules. See **Exhibit "1"** please find the first five pages of rules adopted by the 25th Judicial District. Referring to: ORDER ADOPTING RULES 25th, 2nd, 274th JUDICIAL DISTRICT OF TEXAS FOR GUADALUPE COUNTY. (4) page 2. The clerk failed to provide Goad with a copy of these rules and upon request the clerk failed to produce the "record" for inspection. The clerk stated they did not keep such records.

Page 5. 1. Settings 1.1 "No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant." The court refused to set any hearings after Goad requested, see **Exhibit "3"**.

## EXHIBITS

All exhibits are attached or otherwise referenced and incorporated into and made a part of this brief. All exhibits are true copies of the originals.

## FACT STATEMENTS

1. Goad was served with **Exhibit "2"** a three page citation. This citation lacks elements, and is beyond the word vague. Goad addresses these issues in; DEFENDANTS DAVID GOAD'S ORIGINAL ANSWER, REQUEST FOR DISCLOSURES ALL SUBJECT TO HIS MOTION FOR VENUE CHANGE, SPECIAL EXCEPTIONS, AND COUNTERCLAIMS AND OTHER LEGAL ISSUES NOT RIPE FOR DEFENDANT'S ORIGINAL ANSWER.. **and**

SPECIAL EXCEPTION & MOTION TO DISMISS filed on December 3, 2012. However, the court staff refuses to set a hearing on this matter and all others. See **Exhibit "3"** filed (mailed) on December 5, 2012.

2. In addition to the above, Goad also files on December 3, 2012, DEFENDANT'S MOTION TO CHANGE VENUE.

3. On December 5, 2012, Goad files (mailed) SPECIAL EXCEPTION & MOTION TO DISMISS along with the SETTING NOTICE, **Exhibit "3"** in compliance with local rule 1. Settings 1.1.

4. On February 3, 2012, Goad files (mailed) DEFENDANT'S DEMAND FOR JURY TRIAL and MOTION TO STRIKE FROM NON-JURY DOCKET and REQUEST SETTING BE MADE BY CLERK/COORDINATOR. The clerk/coordinator still refused to set a hearing date for Goad's motions. Furthermore, Goad was refused a jury trial and his fee was not returned upon request. See **Exhibit "4"**

5. Goad was refused a continuance, yet the court refused to provide an order to that effect. See **Exhibit "5"** the first page was hand delivered to Judge Old's office in an attempt to have him review the setting issue. The second page is an email to the clerk for Judge Old. The third is a letter requesting a copy of the order of denial. Goad never received a response or a copy of the order.

6. On February 7, 2012, Goad mails NOTICE TO RESUBMIT with additional funds for a jury trial. No jury trial is granted and the fee not returned.

7. Goad files suit against Chief Appraiser Jamie Osborne, see **Exhibit "6"**. This is not a part of the record; however, it is used here to identify the acts by Jamie Osborne which constitutes fraud upon the Court.

8. The is a copy of Jamie Osborne's affidavit. Pardon the poor quality, Ms. Osborne's attorney refused to provide me a more clear copy. Paragraph 16 is deceptive and adds an outright lie. Yes, Goad was noticed for the 2014 hearing; however, Goad did not protest 2014. In 2014 the taxes had been lowered by more than 50%. This protest was brought by Jamie Osborne, not Goad.

9. On January 14, 2008 (meter indicates 2007 which is incorrect, since Goad did not own the property in January of 2007) Goad receives from Jamie Osborne's office this envelope. **Exhibit "7"** containing **Exhibit "8"**. **Exhibit "7'** is in color so one can clearly see the dates. **Exhibit "9"** is Goad's response.

10. Notice provided to Tavie Murphy's office (Guadalupe County Tax Assessor) on August 3, 2009. See **Exhibit "10"** and **Exhibit "11"** sent the next day because we forgot to mention the protest.

11. Although, no protests or correspondence(s) were found with Goad's name on them (confirmed with **Exhibit "12" & "13"**) we find **Exhibit "14"** provided to Goad via a FOIA request.

12. And a copy of Goad's Notice of Protect for 2013! **See Exhibit "15"**. Goad notes outright fraud and fraudulent appraisal because the value was doubled in 2013, to $21,713.00 decreasing to $10, 956.00 in 2014.

13. Goad learned in his 2014 FOIA request of **Exhibit "16"**. Yes, these jerks scared my then 20 year old daughter Natalie into signing. Natalie had no legal authority to sign and the tax office had full knowledge, as it is posted on the legal description as "DAVID GOAD CUSTODIAN FOR NATALIE H GOAD." Natalie did gain legal control of the property IN MID 2014, on her 21st birthday and fire sold it shortly thereafter.

## SUMMARY OF ARGUMENT

14. Appellant, David Goad, was deprived all avenues of due process, from the Judge to the clerks and then the final blow by the Small Claims court when David Goad sued Jamie Osborne **(Exhibit "6")**. Keeping with the spirit of Guadalupe County, Judge Friesenhahn believes he drove the final nail in David Goad's coffin, see **Exhibit "17"**. Over David Goad's dead body!

15. If this is not fraud upon the courts, nothing is! Guadalupe County, thru Jamie Osborne was given fair notice and fair warning to adjust the value of the property prior to the judgment being entered, and they sanitized the files assuming David Goad did not have records. The judgment indicates (see IT IS THEREFORE ORDERED THAT: 3 & 4) a market value of $21,713.00 on June 2, 2014, it was in fact $10,956.00, and listing Natalie Goad as a defendant wherein Natalie had no legal authority over the property. Jamie Osborne knew she would be protected by the Black Robe Syndicate of Guadalupe County, so why do anything about it?

## AUTHORITIES

The protections supported by the Fourteenth Amendment were trashed in this case. No settings, No Jury trial, No due process, not even a protest!

The United States Supreme Court has ruled and has reaffirmed the principal that "justice must satisfy the appearance of justice", *Levine V. United States,* **362 U.S. 610, 80 S.Ct. 1038 (1960).** The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he

is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce. Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the United States Constitution, *United States v. Sciuto*, **521 F.2d 842,845 (7th Cir. 1996).**

## REQUEST

Appellant, David Goad, asks this Court to reverse the judgment in favor of David Goad and have Natalie Goad's name cleared. Furthermore, David Goad asks for a reasonable wage for his work on this appeal, all costs, and any other remedies in law or equity the Court demes appropriate.

Respectfully submitted,

David Goad, Appellant *Pro Se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2051

## Certificate of Service

I certify that a true copy of this APPELLANT'S BRIEF was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel on February 2, 2015 as follows:

McCreary, Veselka, Bragg & Allen, P.C.
Mathew Tepper, (bar no. 24029008)
700 Jeffrey Way., Suite 100
Round Rock, Texas 78665
512-323-3200
512-323-3294 (fax)

David Goad

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# LOCAL RULES OF PRACTICE

# AND PROCEDURE

---

25TH, 2ND 25TH and 274th Judicial Districts of Texas

Guadalupe County

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

The Honorable Dwight Peschel
The Honorable W.C. Kirkendall
The Honorable Gary Steel
Judges Presiding

2005



Exhibit "1"

# ORDER ADOPTING RULES OF THE

## 25th, 2nd 25th and 274th JUDICIAL DISTRICTS OF TEXAS

## FOR GUADALUPE COUNTY

It is Ordered by the 25th, 2nd 25th and 274th Judicial District Courts of Texas that:

1. The 25th, 2nd 25th and 274th Judicial Districts Local Rules of Practice and procedure for Guadalupe County as hereinafter set out are hereby adopted, subject to the approval of the Supreme Court of Texas and the Council of Judges of the Third Administrative Judicial Region of Texas;

2. The Clerk of the Courts in Guadalupe County shall record these Rules of Practice and Procedure and this Order in the Minutes of the Court;

3. A copy of these rules and this order shall be furnished to the Supreme Court of Texas, the Court of Appeals for the 4th District of Texas and the Presiding Judge of the Third Administrative Region of Texas;

4. The Clerk of the Court shall deliver to each lawyer maintaining an office within the county a copy of these local rules; a copy shall further be furnished by the Clerk to each lawyer and *pro se* party appearing in any civil action in this Court. Each Clerk shall keep a current record of such delivery, the date thereof, and make such record available for inspection.

5. These Rules of Practice and Procedure, as may hereafter be amended, shall be construed and interpreted in addition to, and in conformity with and not as

superseding the Constitution and laws of the State of Texas, the Texas Rules of Civil Procedure, rules adopted by the Council of Judges of the Third Administrative Judicial Region or rules promulgated by the Supreme Court of Texas.

6. Should any of these rules, or any part thereof, or any amendments thereto, be held invalid for any reason, such invalidity shall not affect the validity of the other rules or parts of rules, all of which have been separately considered and adopted.

7. These rules shall be effective on the date this Order is signed and thereafter until amended, modified or repealed by the order of these Courts.

**Signed, Ordered and Effective this the** 27 **day of** October, **2005.**

_____
25th Judicial District Judge

_____
2nd 25th Judicial District Judge

_____
274th Judicial District Judge

③

**Local Rules of Practice for the 25th, 2nd 25th and 274th Judicial District Courts of Texas in Guadalupe County**

The dockets of the 25th, 2nd 25th and 274th District Courts of Guadalupe County are to be held in accordance with schedules published annually which may be obtained from the office of any judge or from the office of the district clerk.

Any case filed in the 25th, 2nd 25th or 274th Judicial District Courts may be heard in any of the Courts without transfer or further order except:

1. A family case involving custody of a child, if contested temporary orders are heard, must be set thereafter in the Court hearing said temporary orders;

2. Any motion to modify custody must be heard in the Court issuing the order to be modified if that Court heard contested hearings in making the original order;

3. Any case in which the judge is disqualified or recused must be heard only in another Court; and

4. Any other case where the Court orders the case to a particular judge.

In all proceedings in these Courts, the Texas Lawyers Creed will be observed.

4

## Civil and Family Cases

1. **Settings**

   1.1. All hearings in contested cases must be set by written motion with order attached and with an estimated time for the hearing. Attorneys requesting settings are responsible for notifying opposing parties within the time constraints of the Rules of Civil Procedure. No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant.

   1.2. Only a court coordinator may set a case. The court coordinator for the 25th, the 2nd 25th or the 274th Judicial District may set cases on any of the courts' dockets, subject to the approval of the coordinator of the Court receiving the case.

   1.3. All motions for continuance must be in accordance with Articles 29.01 *et seq.*, C.C.P. and Rules 251 *et seq.*, T.R.C.P. With the approval of the court coordinator, a contested case may be passed by the agreement of all counsel; however the mere filing of a motion for continuance does not mean that the continuance will be granted. Unless released in writing by the court coordinator, counsel must appear as scheduled.

   1.4. Prior to setting any case for any hearing, counsel must call a court coordinator to obtain available hearing dates. Counsel must then contact opposing counsel to insure the date is agreeable to all counsel. Once a date is agreed, counsel may



CAUSE NO. 12-1923-CV

THE COUNTY OF GUADALUPE, TEXAS | IN THE DISTRICT COURT

PLAINTIFF

VS. | 25TH JUDICIAL DISTRICT

DAVID C. GOAD, ET AL

DEFENDANT | GUADALUPE COUNTY, TEXAS

## CITATION IN A DELINQUENT TAX SUIT

**DEFENDANT TO BE SERVED:**

David C. Goad aka David Goad (No Personal Liability)
1154 Rivertree Drive, New Braunfels, Comal County, Texas 78130-2425
Phone Number: (830) 221-5905
*********************************************************************

### RETURN OF CITATION IN A DELINQUENT TAX SUIT

CAME TO HAND on the _1st_ day of _October_, 20_12_, at _3:57 P_ o'clock AM/PM, and executed in Comal County, Texas, by delivering to the within named defendant, IN PERSON, a true copy of this Citation, at the following time and place, to-wit:

| NAME OF DEFENDANT to whom citation delivered: |
|---|
| David C. Goad |

| Return of Citation by Personal Service | | |
|---|---|---|
| Date Delivered | Time Delivered – AM/PM | Where Delivered |
| 11-08-2012 | 9:50 AM | 1154 Rivertree |

**BOB HOLDER**
**Sheriff of Comal County**
SHERIFF, COMAL COUNTY, TEXAS

BY _[signature]_ # 389 , DEPUTY     FEE for Service $ _____

RESPONDENT'S COPY

*Exhibit "2"*

THE STATE OF TEXAS

CAUSE NUMBER 12-1923-CV

PLAINTIFF IS: The County of Guadalupe, Texas, collecting property taxes for itself and for Marion Independent School District

DATE OF FILING OF PLAINTIFF'S LATEST PETITION ("DATE"): September 27th 2012

COURT: 25th Judicial District Court of Guadalupe County, Texas at the Courthouse of said County located in Seguin, Texas ("COURT")

TO DEFENDANT: David C. Goad aka David Goad (No Personal Liability)
1154 Rivertree Drive, New Braunfels, Comal County, Texas 78130-2425
This defendant owns or has an interest in Tract 1 described on attached Schedule A.

Defendant, GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, a default judgment may be taken against you.

YOU ARE HEREBY COMMANDED to appear and answer before the Honorable COURT at or before 10:00 a.m. of the Monday next after the expiration of 20 days from the date of service of this Citation, then and there to answer the petition of the PLAINTIFF named in Plaintiff's Petition, filed in said COURT on the DATE against the above named DEFENDANT, said suit being numbered on the docket of said COURT as the CAUSE NUMBER shown above, the nature of which demand is a suit to collect delinquent property taxes on the PROPERTY(S), described on attached Schedule A. All Defendants in this suit are named on attached Schedule A.

The total amount of delinquent taxes due PLAINTIFF, exclusive of interest, penalties and costs, is the sum of $830.72, on said PROPERTY(S) being more particularly described on attached Schedule A: THE TOTAL AMOUNT OF DELINQUENT TAXES, PENALTY, AND INTEREST DUE ON THE PROPERTY(S) AS OF THIS DATE THAT MUST BE PAID IS $1,372.42.

The names of all taxing units which assess and collect taxes on said PROPERTY(S), not made parties to this lawsuit are INTERVENORS. PLAINTIFF and all other taxing units who may set up their tax claims herein seek recovery from DEFENDANTS of delinquent ad valorem taxes on the PROPERTY(S), and in addition to the delinquent taxes, all accrued statutory penalties and interest, costs, and attorney's fees allowed by law thereon up to and including the day of judgment herein, and the establishment and foreclosure of tax liens securing the payment of the same as provided by law. However, PLAINTIFF does not seek a personal judgment for any of the amounts due against DEFENDANTS designated "No Personal Liability".

All parties to this suit, including PLAINTIFF AND DEFENDANTS, shall take notice that claims not only for any taxes which were delinquent on said PROPERTY(S) at the time this suit was filed, but all taxes becoming delinquent thereon at any time thereafter up to the day of judgment, including all accrued statutory penalties and interest, costs, and attorney's fees allowed by law thereon, may, upon request therefore, be recovered herein without further citation or notice to any parties herein, and all said parties shall take notice of and plead and answer to all claims and pleadings now on file and which may hereafter be filed in this cause by all other parties hereto, and by all of those taxing units above named, who may intervene herein and set up their respective tax claims against said PROPERTY(S).

The officer executing this return shall promptly serve the same according to the requirements of law and the mandates hereof and make due return as the law directs.

Issued and given under my hand and seal of said COURT at Seguin, Texas, this the 27th day of September, 2012.

Debra Crow
CLERK OF THE DISTRICT COURT
308 Courthouse 101 E. Court Street
Seguin, Texas 78155
(830) 303-4188 x241
Fax: (830) 303-1943

BY: Diana Del Toro
(Clerk/Deputy Clerk)

McCREARY, VESELKA, BRAGG & ALLEN, P.C.
ATTORNEYS FOR PLAINTIFF
P.O. Box 537
Seguin, Texas 78156-0537
(830) 379-5600
Fax: (830) 379-2202

## SCHEDULE A

**PLAINTIFF IS:** The County of Guadalupe, Texas, collecting property taxes for itself and for Marion Independent School District

**DEFENDANTS ARE:**
David C. Goad aka David Goad (No Personal Liability) (Interest in Tract 1)
Kristin G. Goad aka Kristin Goad (No Personal Liability) (Interest in Tract 1)
Natalie H. Goad aka Natalie Goad (No Personal Liability) (Interest in Tract 1)

PLAINTIFF seeks a personal judgment for all amounts due against DEFENDANTS designated "Personal Liability". PLAINTIFF does not seek a personal judgment for any of the amounts due against DEFENDANTS designated "No Personal Liability". PLAINTIFF seeks foreclosure of the tax liens on the PROPERTY as to all the DEFENDANTS.

**PROPERTY AND AMOUNTS DUE:**

**Tract: 1**
Account Number: R146794/2G0134000001105000
Property Description: 1.00 Acre, more or less, out of Abstract 134 of the Jose Flores Survey, Guadalupe County, Texas
Approximate Property Address: Windsock
Deed Reference: Volume 2537, Page 681
Assessed Name: GOAD DAVID C CUSTODIAN FOR KRISTIN G & NATALIE H

$1,372.42   Due to The County of Guadalupe, Texas
            For Tax Years: 2008-2011
$1,372.42   TOTAL DUE (09/2012)

**TOTAL AMOUNTS DUE:**

$1,372.42   Due to The County of Guadalupe, Texas
  $175.00   Title Research Fee
**$1,547.42   TOTAL DUE (09/2012)**
**$1,557.41   TOTAL DUE (10/2012)**

**IN ADDITION TO THE DELINQUENT TAXES AND TITLE RESEARCH FEES, THERE ARE COURT COSTS WHICH MUST BE PAID. CONTACT THE DISTRICT CLERK'S OFFICE AT (830) 303-4188 X241 FOR THE AMOUNT OF COURT COSTS THAT MUST BE PAID BEFORE THIS LAWSUIT CAN BE DISMISSED.**

**IF THIS LAWSUIT HAS NOT BEEN DISMISSED, DELINQUENT TAXES FOR SUBSEQUENT TAX YEARS ON THIS PROPERTY ARE AUTOMATICALLY INCLUDED IN THIS LAWSUIT ON THE FIRST DAY OF DELINQUENCY AND INCUR STATUTORY PENALTIES, INTEREST AND ATTORNEY FEES AUTHORIZED BY THE PROPERTY TAX CODE.**

File Copy

CAUSE NO. 12-1923-CV

| | | |
|---|---|---|
| THE COUNTY OF GUADALUPE, TEXAS | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | 25TH JUDICIAL DISTRICT |
| v. | § § | |
| DAVID C. GOAD, ET AL | § § | |
| Defendant. | § | GUADALUPE COUNTY, TEXAS |

## SETTING NOTICE

Defendant, David Goad asks the Clerk of the Court to set all hearing(s) after first confirming dates in which both plaintiff and defendant available.

December 5, 2012                    Respectfully submitted,

_____
DAVID GOAD, Defendant pro se
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-205

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 5, 2012, the foregoing Setting Notice was served on all parties of record as set out herein below:

McCreary, Veselka, Bragg & Allen, P.C. Attorneys for Plaintiff
P.O. box 537
Seguin, Tx 78156-0537
U.S. Mail

_____
David Goad

Exhibit "3"



## GUADALUPE COUNTY

**Debra Crow, District Clerk**

101 E. Court, Suite 308
Seguin, Texas 78155
Phone: (830) 303-8873
Fax: (830) 379-1943

VISA/MASTERCARD

David Goad
1154 Rivertree Drive
New Braunfels, Texas 78130

March 5, 2014

Re: Jury Fees

Mr. Goad,

In regards to your jury fee return request for cause numbers 12-1923-CV and 08-1872-CV, this office is unable to approve that request. Please refer to LGC 51.604. In addition, there is no record of a jury demand denial in either case.

Thank you,

DEBRA CROW
Guadalupe District Clerk
By _____ Deputy



Exhibit "4"

THIS NOTICE WAS HAND DELIVERED TO JUDGE OLD III OFFICE

Dear Judge Old III,

Please be advised that I am hand delivering the DEFENDANT'S MOTION FOR CONTINUANCE (copy) due to past irregularities with Court Clerks.

I also ask that you review the entire file. I have steadfastly been denied the procedures set fourth in the "LOCAL RULES OF PRACTICE AND PROCEDURES" Rule 1. Settings 1.1 "No Court will notify a party of a setting except in the case of a request for a setting by a *pro se* litigant."

This Notice has been forwarded to opposing council as per "CERTIFICATE OF SERVICE" attached to the aforementioned DEFENDANT'S MOTION FOR CONTINUANCE.

Thank You

David Goad

Exhibit "5-1"

**Subject:** RE: 12-1923-CV
**From:** Lynn Bothe <lynnb@co.guadalupe.tx.us>
**Date:** 3/3/2014 8:36 AM
**To:** "1983remedies@gmail.com" <1983remedies@gmail.com>

Judge Old denied your motion for continuance.

Lynn Bothe
25th Judicial District
Court Administrator


-----Original Message-----
From: 1983remedies@gmail.com [mailto:1983remedies@gmail.com]
Sent: Monday, March 03, 2014 8:33 AM
To: Lynn Bothe
Subject: 12-1923-CV

Hola,
A trial was set for this morning.
I was expecting a call last week regarding a motion for continuance, however, I
have heard nothing. Please inform the court (if the motion has not been signed)
that my medical issues persist requiring me to take pain medication at 3:30a.m,
and again at 7:15 a.m. this morning.
I am unable to come into court this morning.

Thank Yoo
David Goad



*File Copy*

David Goad
1154 Rivertree Drive
New Braunfels, Texas 78130

March 31, 2014

William D. Old III., District Judge.
101 E. Court Street., Rm. 203
Seguin, Texas 78155

Re: 12-1923-CV

Hola Judge Old III,

Ms. Bothe informed me that you denied my Motion for Continuance at the last hearing.

To this date I have not received the order of denial nor any other orders or rulings. I must say this has been an issue in other cases within Guadalupe County Courts.

Please find enclosed an envelope with a stamp attached addressed to myself. I ask that you be kind enough to forward to me your order of denial and any other issues you may have signed at that last hearing.

Thank You

David Goad

Copy mailed to:    McCreary, Veselka, Bragg & Allen, P.C.
                   P.O. Box 537
                   Seguin, Texas 78156-0537

"S-3"

CAUSE NO. JSC4-4995

| | | |
|---|---|---|
| DAVID GOAD | § | IN THE JUSTICE COURT |
|     Plaintiff, | § | |
| | § | PRECINCT NO. FOUR |
| v. | § | |
| | § | |
| JAMIE OSBORNE | § | |
|     Defendant. | § | GUADALUPE COUNTY, TEXAS |

## FIRST AMENDED COMPLAINT

Plaintiff, David Goad, files this First Amended Complaint and will show the Court the following:

1. Plaintiff, David Goad hereinafter known as "P-DG" resides at: 1154 Rivertree Drive. New Braunfels, Texas 78130.

2. Defendant, Jamie Osborne, hereinafter known as "D-JO" whose work address is at: 3000 North Austin Street, Sequin, Texas 78155. She is being sued individually. This suit does not include Guadalupe County.

3. The real property in question is a one acre parcel purchased under the Texas Gift to Minors Act in September of 2007. **Described as:** *A one acre tract of land situated in Guadalupe County, Texas out of the Jose Flores Survey no. 63, Abstract no. 134, being part of one of those tracts conveyed to Dorothy Buffington Golding and recorded in Volume 483, page 694 of the deed records of Guadalupe County, Texas.*

4. Natalie Goad is the daughter of David Goad; she was a minor by statute at the time of the allegations set fourth herein.

5. All exhibit's submitted (attached hereto), or submitted in future pleadings are incorporated into the pleading, motion, or document of which they are attached are incorporated into and made a part of by reference.

FILED

DATE 9-3-14

J.P. PRECINCT #4 SEGUIN
GUADALUPE COUNTY, TEXAS

Exhibit "6"

- 1 -

## FACTS AND ALLEGATIONS

6. P-DG alleges that D-JO has acted in a manor, and/or commanded others (conspired) in violation of clearly established federal law, and Texas State law to violate P-DG's federally protected rights and take his property

7. P-DG alleges: D-JO committed fraud, conspiracy, intentional or deliberate misconduct which subjected P-DG to the deprivation of his federally protected rights. Some of the acts were discretionary, however, others were not, and in no case, conducted in good faith.

8. P-DG alleges D-JO destroyed or otherwise, with or without conspiracy, "sanitized" the files in which all documents supporting the allegations set fourth in this complaint could be found. When "*sanitized*" is noted at the end or within a sentence, it means that document has been removed from D-JO's records and all the tax records of Guadalupe County.

9. D-JO failed to respond to her own Notice of Protest sent to P-DG on January 14, 2008 "*sanitized*." Furthermore, D-JO failed to address P-DG's response to said notice "*sanitized*."

10. D-JO failed to provide P-DG a hearing to protest his taxes after she was noticed on August 3, 2009 "*sanitized*," August 4, 2009 "*sanitized*," and on May 31, 2013 "*sanitized*." Thus denying his due process rights.

11. On April 15, 2014, P-DG meet with D-JO at her office to review the documents within the file regarding the subject property based upon an FOIA request See **Exhibit "A"**. Not one notice from D-JO or P-DG was found or noted in the documents provided to P-DG that day "*sanitized*."

12. On April 15, 2014, P-DG explained to D-JO that the property in question was fenced-out in 2008 from all public access and therefore its value went to zero, as the property was landlocked and fenced out by a combination of public officials and others. It was clear during

- 2 -

our conversation that D-JO was aware of the federal litigation (RICO) P-DG had brought against her friends and others.

13. On April 15, 2014, P-DG explained to D-JO that she needed to reevaluate (appraise) the property to reflect the facts due to ongoing litigation over the unpaid taxes. As a result of no action on the part of D-JO, a judgment was issued reflecting false/fraudulent tax evolutions against P-DG and his daughter Natalie. At that time Natalie was 20 years old. A young woman who graduated at 15 years old and at age 19 she graduated from UT Austin with a double major. A young woman that now has a judgment against her because of D-JO.

14. On April 15, 2014, at the request of D-JO, P-DG signed a *"Request for Field Inspection"* See **Exhibit "B"** *in* order that D-JO may enter upon said property for evolution purposes. D-JO did not submit her findings, if any, to alter the Tax case.

15. On April 15, 2014, P-DG provided to D-JO a photograph depicting an aircraft on the subject property with a fence across it. See **Exhibit "C1 & C2,"** C2 was created by hand (exact copy of text) due to my email program making it unable to print with the text included (to large).

16. D-JO and others valued the property at the following:

a. $12,500.00 before and after the property had no access (fenced out).

b. Increased to $21,713.00 for 2013.

c. Decreased to $10,956.00 (noted on tax roles) for 2014, however, when P-DG was at D-JO's office on April 15, 2014, the value was noted at under $9,000.00 for 2014? We must take notice that property values all across Texas have risen well in the last year!

## JAMIE OSBORNE HAS NO IMMUNITY WHATSOEVER

17. Government officials performing discretionary functions generally are granted a qualified immunity and "shielded from liability for civil damages insofar as their **conduct does**

- 3 -

not violate clearly established statutory or constitutional rights of which a reasonable person would have known. "*Harlow v. Fitzgerald* U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

18. Government officials acting within their discretionary authority are immune from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. "*Evett v. Detntff*, 330 F.3d 681, 687 (5th Cir. 2003).

19. To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, was the defendant's conduct objectively unreasonable in light of clearly established law at the time of the incident. See *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir 1998) (citing *Colston v. Barnhart* (5th Cir. 1997).

20. To overcome a claim of qualified immunity, a plaintiff must establish that the right an official is alleged to have violated was "clearly established," i.e., sufficiently clearly defined that " a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

## STATE LAW DOES NOT TRUMP FEDERAL LAW

21. In *Howlet v. Rose* 496 U.S. 356, 375 (1990). "state ("including Texas," added by P-DG) law may not immunize § 1983 defendants Congress has subjected to liability." Therefore, any failure of P-DG to exhaust remedies under state law, immunities whether governmental or official (state law), or any other state rule or law is void in this case, except of course, court room procedures. The only reason any attorney would attempt to inject Texas State law to gain

- 4 -

immunity in this case, would be to extract attorney fees from the hard working Guadalupe County tax payers. P-DG reserves to later move for sanctions against any attorney who would play/played such a game.

22. The United States Supreme Court in *Gomez v. Toledo* 466 U.S. 635 (1980), found that §1983 itself requires only two essential allegations: "By the plain terms of §1983, two-and-only two allegations are required in order to state a cause of action under that statute, First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who deprived him of that right acted under color of state or territorial law." and now in *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009) §1983 complaints now must contain factual allegations constituting a plausible claim.

23. The United States Supreme Court has established that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed in the plaintiff's favor, see *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

24. The United States Supreme Court, in *Felder v. Casey* 487 U.S. 131, 138 (1988), stated in the same breath that while "[n]o one disputes the general and unassailable proposition…that States may establish the rules of procedure governing litigation in their own courts[,]… by the same token, however, where state courts entertain a federally created cause of action, " **the federal right cannot be defeated by the forms of local practice."**(quoting *Brown v. Western Ry.*, 338 U.S. 294, 296 (1949).

## CONCLUSION

25. D-JO, acts under the color of state law in her acts and in concert with the same or similar acts by many officials from within Guadalupe County (Judge Steel, Judge Kirkendall, Judge Old, Judge Sachtleben (aka The Black Robe Syndicate of Texas), Guadalupe County

District Attorney , Guadalupe County District Clerk, Debi Crow, Guadalupe County Sherriff Zwicke, the altering ("sanitizing") of officials records by court clerks, DA, Sherriff, court reporters etc, etc. and many others) which have deprived P-DG of property, due process rights, and much, much more for the last seven years. These noted issues were all brought on as a result of P-DG filing litigation under RICO against Guadalupe County Officials.

## REQUEST JUDICIAL NOTICE

26. The following cases will prove that powerful Officials from Guadalupe County can trump-up false criminal charges, have an innocent person put in jail, tortured, and do just about anything they want to do to silence P-DG. It is for this reason that P-DG requests judicial notice of said cases as a clear pattern exists. Furthermore, the jury trial in this case will explore the details of these cases to link D-JO conspiracy with others (similar acts) who have the same goal. Please take note of the following cases:

    a. Goad v. Anderson SA08CA0674

    b. Zuehl v. Goad 08-1872-CV

    c. Goad v. Crow SA11CA1056-OG

    d. State of Texas v. Goad 09-0190-CR

    e. State of Texas v. Goad C2008-1461C

    f. Zuehl v. Goad 2010-CI 12496, appeal 04-11-00293-CV

    g. Goad v. Wyatt JSC2-1000

27. Witnesses and evidence to be presented at the upcoming hearing on September 10, 2014, will provide more than ample facts to bring an indictment against D-JO, and others, from even the most discriminating grand jurors.

- 6 -

## LEGAL FRAMEWORK AND STATEMENTS OF FACT

### Violations of U.S. Constitution, 4th and 14th Amendment, Under Title 42 of the United States Code, §1983, and 1985.

28. "Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, **679 S.W.2d 124, 133 (Tex.App.-5th Dist., 1984).** Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

29. Due Process is that which comports with the deepest notions of what is fair and right and just in law. **U.S. Supreme Court Center,** *see* **http://supreme.justia.com/constitution/amendment-05/16-due-process.html** Due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Snyder v. Massachusetts*, **291 U.S. 97, 105 (1934).** Procedural due process requires the government to adhere to its own rules. **United States** *ex rel. Accardi v. Shaughnessy*, **347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954)** and recognize that the constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. *Fuentes v. Shevin*, **407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).**

30. The over assessing of said property was intended to facilitate the taking of that property from the plaintiff. Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, **679 S.W.2d 124 (Tex.App.-5th Dist., 1984)**.Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

31. A cause of action for a violation of the 14th Amendment can come under Title 42 of the U.S. Code, which reads in part:

### Sec. 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...42 **U.S.C.A. § 1983 (West 1981).**

### Sec. 1985. Conspiracy to interfere with civil rights

"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws...or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. **42 U.S.C.A. § 1985 (West 1981).**

32. State judges and state courts are repositories of state power, and state court action may in some cases amount to a deprivation by a state of rights guaranteed by Fourteenth Amendment to the federal constitution. *Gay v. Heller,* **252 F.2d 313 (C.A.5.Fla., 1958).** Congress enacted § 1983 to provide an independent avenue for protection of federal constitutional rights. *Conroy v. Manos,* **fn. 1.** The remedy was considered necessary because state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights. *Pulliam v. Allen,* **466 U.S. 522, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984)**

## REQUESTS

PLAINTIFF THEREFORE respectfully requests that the Court enter a judgment including, but not limited to:

The costs of actual losses and the maximum amount of damages allowed by the court in which this issue is finally decided, currently not less than $10,000.00.

All attorney's fees and court costs for bringing this Complaint;

All other relief in law and in equity as may be proven at trail; and

Plaintiff requests a jury trial.

Respectfully submitted,

David Goad, Plaintiff *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
(830)515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2014, this FIRST **AMENDED COMPLAINT** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad

**DAVID GOAD**
1154 Rivertree Drive
New Braunfels, Texas 78130
1983remedies@gmail.com
830-515-2052

April 1, 2014

## FREEDOM OF INFORMATION ACT REQUEST

TO:     The County Appraisal District for Guadalupe County
        josborne@guadalupead.org
        Sequin, Texas 78155

Dear Ms. Osborne:

Pursuant to 5 U.S.C. §522 *et seq.*, and Tex. Gov't. Code, Sec. 552.022(a), I hereby make this request that the following be made *available for inspection*:

This request surrounds the property described as:

Assessed Name:     Goad David Custodian for Kristin G & Natalie H Goad
                   1.00 Acre, more or less, out of Abstract 134 of the Jose Flores Survey,
                   Guadalupe County, Texas.

Street:            Windsock

Property ID:       107520

1. This request begins after the purchase date of the current owners which would be after the purchase in mid 2007.

1. Please provide the name of the appraiser(s) who conducted the appraisals on said property for taxation purposes. If more than one appraiser was involved please provide a brief explanation as to the tasks each carried out.

2. Please provide the academic background, training, and appraisal history of each appraiser.

3. Please provide a copy and any licenses, certificates and other which illustrate the appraiser's professional background including, but not limited to the issuing authority and dates issued.

*Exhibit "A"*
*page 1 of 2*

4. Please provide access to the originals of all hand written or typed notes, photo's, other properties used as comparables, and all data used to appraise said property. It is important that all amenities, condition of, and notation(s) (including pictures) be provided for the comparables.

5. Please provide the sources and dates gathered for all data used in process of appraising said property.

6. Please provide the legal term and the trade term to define the method in which the appraiser followed to conduct his/her evaluation for the appraisal.

7. If any of the requests are withheld please state the nature of the withheld document or other, and under what legal premise you assert the withholding.

You are welcome to contact me with any questions, preferably by email as listed above. In the event this information is held within a computer or even a paper file, I ask that you to provide me a date, time and location in which I can review. In the event I need copies, I will mark each page in an acceptable manner to accomplish this task after review.

If any of these records do not exist please inform me.

Thank You
David Goad


Exhibit "A"
page 2 of 2

# GUADALUPE APPRAISAL DISTRICT



| Main Office | Schertz Substation | Board of Directors | Chief Appraiser |
|---|---|---|---|
| 3000 N. Austin St. | 1101 Elbel Rd. | Dr. Greg Gilcrease–Chair | Jamie Osborne |
| Seguin, Texas 78155 | Schertz, Texas 78154 | Mrs. Tavie Murphy–Vice-Chair | |
| 830.303.3313 | 210.945.9708 Ext. 202 | Mr. Mark Wilson–Secretary | Deputy Chief Appraiser |
| 830.372.2874 (Fax) | 210.566.1334 (Fax) | Mr. Darren Dunn- Member | Erich Strey |
| gadprotest@guadalupead.org | | Mr. Louis R. Ramirez, Sr.–Member | |

## *REQUEST FOR FIELD INSPECTION*

The Guadalupe Appraisal District (G.A.D.) requests your consent as legal owner or authorized agent to inspect property identification #:_____. Acknowledgment below indicates that you are aware of this request for field inspection, and hereby have authority and grant authority to the Guadalupe Appraisal District Chief Appraiser or Chief Appraiser's designee to field inspect the above referenced property for the current January 1st appraisal date for the limited purpose and scope as outlined in §6.01 and §23.01 of the Texas Tax Code, Texas Constitution Article VIII, §1. and 34 Texas Administrative Code, §9.3001.

Please be advised that if request for inspection is granted this inspection will occur after the date indicated below.

☒ Consent for field inspection is granted this the _15th_ day of _April_, 20_14_.

☐ No consent for field inspection is granted.

_____
Signature of Legal Owner or Authorized Agent-License#_____

_830-515-7057_
Phone Number
_David Goad_
Printed Name of Legal Owner or Authorized Agent

Acknowledgment of above noted designation:

_R Manoti_
G.A.D. Representative

*Exhibit "B"*



Exhibit "C1"

To: JAMIE Osborne
josborne@guadalupead.org

4/15/2014



Hola,
  Attached please find the photo I spoke of.
  I wish to memorialize your statements (April 15, 2014)
wherein your office has no correspondence(s) from myself or
the Guadalupe County Attorney regarding the valuation(s) of the
GOAD property at Zuehl Airfield.
            Thank you

Exhibit "C2"



GUADALUPE
APPRAISAL DISTRICT
3000 N. AUSTIN
SEGUIN, TX 78155

Round you for

Mr. David C. Hoad
1154 RiverTree Drive
New Braunfels, Texas 78130

Exhibit "7"

Comptroller 50-132 (Rev. 2-98/3)
of Public [41.44 (12/89) Rule 9.801]
Accounts

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone (Area code and number) |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

| Address |
|---|
| GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155 |

| | |
|---|---|
| INSTRUCTIONS: | If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property. |
| FILING DEADLINES: | The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31. |

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

WEEKENDS, HOLIDAYS: If your deadline falls on a Saturday, Sunday or other legal holiday, i

| Step 1: Owner's or lessee's name and address | Owner's or lessee's full name
SHEESLEY JOHN | *Please mail back to our office ASAP so we can put in your file. Returned envelope is enclosed. Thanks.* |
| | Owner's or lessee's present mailing address (number and street)
208 MORTON | |
| | City, town or post office, state, ZIP code
SAN ANTONIO, TX 78209 | |
| Step 2: Describe property under protest | Give street address and city if different from above, or legal description
ABS: 134 SUR: JOSE FLORES 1.000 AC. | |
| | Appraisal district account number (optional)
Property ID: 107520     GEO ID: 2G0134-0000 | |
| | Mobile homes: (Give make, model and identification number) | |

| Step 3: Check reasons for your protest | ☐ Value is over market value | ☐ |
| | ☐ Owner's name is incorrect. | ☐ Change in use of land appraised as ag-use, open-space or timber land |
| | ☐ Property should not be taxed in _____ (name of taxing unit) | ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled |
| | ☐ Failure to send required notice. _____ (type) | ☐ Value is unequal compared with other properties. |
| | | ☐ Property description is incorrect. |
| | ☐ Other: . _____ | ☐ Property should not be taxed in this appraisal district or in one or more taxing units. |

| Step 4: Give facts that may help resolve your case (continue on additional page if needed) | _____
_____
What do you think your property's value is? (Optional)  $ _____ |

| Step 5: Check to receive ARB hearing procedures | I want the ARB to send me a copy of its hearing procedures.
☐ Yes     ☐ No *
* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures |

| Step 6: Sign the application | Signature
sign here ➡ | Date |

Exhibit "8"

County of Guadalupe
State of Texas

Guadalupe
Appraisal

## MOTION TO CORRECT
## ONE-THIRD OVER-APPRAISAL ERROR

Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,** parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:

CAD, GCO, LTR, MAS

Movant states the one-third over-appraisal error is as follows:

____    Appraisal value of **$12,500.**is at least one-third over actual market value.
____    Actual market value of property is $_____.

Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.

Respectfully submitted,

_____     Date _____
Movant

Comptroller 50-132 (Rev. 2-98/3)
of Public [41.44 (12/89) Rule 9.801]
Accounts

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone (Area code and number) |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

| Address |
|---|
| GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155 |

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice *(having it postmarked if you mail it)* is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

WEEKENDS, HOLIDAYS: If your deadline falls on a Saturday, Sunday or other legal holiday, it is postponed until midnight of the next working day.

| Step 1: Owner's or lessee's name and address | Owner's or lessee's full name<br><br>SHEESLEY JOHN | Contact | |
|---|---|---|---|
| | Owner's or lessee's present mailing address *(number and street)*<br><br>208 MORTON | Hm. Phone *(area code and number)* | |
| | City, town or post office, state, ZIP code<br><br>SAN ANTONIO, TX 78209 | Bus. Phone *(area code and number)* | |

| Step 2: Describe property under protest | Give street address and city if different from above, or legal description if no street address<br><br>ABS: 134 SUR: JOSE FLORES 1.000 AC. |
|---|---|
| | Appraisal district account number *(optional)*<br><br>Property ID: 107520    GEO ID: 2G0134-0000-01105-0-00 |
| | Mobile homes: *(Give make, model and identification number)* |

**Step 3: Check reasons for your protest**

| | |
|---|---|
| ☐ Value is over market value | ☐ Exemption was denied, modified or cancelled. |
| ☐ Owner's name is incorrect. | ☐ Change in use of land appraised as ag-use, open-space or timber land |
| ☐ Property should not be taxed in _____ *(name of taxing unit)* | ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled |
| ☐ Failure to send required notice. _____ *(type)* | ☐ Value is unequal compared with other properties. |
| ☐ Other: _____ | ☐ Property description is incorrect. |
| | ☐ Property should not be taxed in this appraisal district or in one or more taxing units. |

| Step 4: Give facts that may help resolve your case (continue on additional page if needed) | _____<br>_____<br>_____ |
|---|---|
| | What do you think your property's value is? *(Optional)* $ _____ |

| Step 5: Check to receive ARB hearing procedures | I want the ARB to send me a copy of its hearing procedures.<br><br>☐ Yes      ☐ No *<br><br>* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures |
|---|---|

| Step 6: Sign the application | Signature<br><br>sign here ➡ | Date |
|---|---|---|

True Automation, Inc.

County of Guadalupe
State of Texas

Guadalupe Appraisal District
Appraisal Review Board

## MOTION TO CORRECT
## ONE-THIRD OVER-APPRAISAL ERROR

Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,**
parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:

CAD, GCO, LTR, MAS

Movant states the one-third over-appraisal error is as follows:

___     Appraisal value of **$12,500.** is at least one-third over actual market value.
___     Actual market value of property is $_____.

Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.

Respectfully submitted,

_____          Date _____
Movant

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

01/14/08

# NOTICE OF HEARING
# 1/3 OVER-APPRAISAL SEC. 25.25 (d)

**TAXING JURISDICTIONS:**

CAD, GCO, LTR, MAS

RE:  **Account Number** :2G0134-0000-01105-0-00
     **Legal Description** :ABS: 134 SUR: JOSE FLORES 1.000 AC.

A hearing for 1/3 Over-Appraisal has been scheduled on the above referenced property.

> **Date** :02/12/2008
> **Time** :1:00PM- 1:20PM
> **Place** : **Guadalupe Appraisal District**
>      **3000 N. Austin St.**
>      **Seguin, TX 78155**

Per Section 25.25(e) of the Texas Property Tax Code, each taxing unit is entitled to present evidence and argument at the hearing and to receive written notice of the board's determination.

Respectfully Submitted,

Kathryn Vermillion, Secretary
Appraisal Review Board

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

01/14/08

Dear Property Owner,

The Appraisal Review Board packet includes your **NOTICE OF PROTEST HEARING**, which gives the time and date of your Appraisal Review Board hearing. It includes a copy of the **"RIGHTS, REMEDIES, AND RESPONSIBILITIES"** publication promulgated by the Comptroller of Public Accounts, and a copy of the **GUADALUPE APPRAISAL REVIEW BOARD HEARING PROCEDURES** adopted by the Appraisal Review Board.

You may inspect and or obtain a copy of the data/information, which will be introduced at the Appraisal Review Board hearing. You may also obtain a copy of the appraisal card for your property at no charge. The charge for copies of additional information will be the normal charge for that type of data, not to exceed $15.00 for each residence, or $25.00 for each other type of property.

# GUADALUPE APPRAISAL REVIEW BOARD
## HEARING PROCEDURES

### DESCRIPTION OF PROCEDURES

Pursuant to Section 41.66, Texas Tax Code, the Guadalupe Appraisal Review Board establishes the following procedures for hearings. It is the Appraisal Review Board's desire to keep all procedures on a "common sense" approach and comply fully with the requirements listed in the Tax Code. If a question of procedure arises, to which the Board needs further direction, the first step will be to review provisions of the Tax Code, and if necessary, seek advice of legal counsel.

At least 14 days before a hearing on a protest, the chief appraiser shall deliver a copy of "Taxpayers' Rights and Remedies" and these hearing procedures to the person initiating the protest. The chief appraiser shall also inform the protesting party that he or she may inspect and may obtain a copy of the data, schedules, formulas, and all other information, which will be introduced at the hearing. Each property owner may receive a copy of the appraisal of their protested property at no charge. The charge for copies of additional information shall reflect the charges included in the Guadalupe Appraisal District Policy Manual, but shall not exceed $15 for each residence or $25 for each additional type property. If the protesting party establishes that the chief appraiser has failed to provide the information requested and requests additional time to prepare their appeal, the Board shall postpone the hearing one time. At the hearing on the protest, information requested from the District that was not made available to the taxpayer in a timely fashion cannot be used as evidence in the hearing.

Hearing procedures, to the greatest extent practicable, shall be informal. Each party to a hearing is entitled to offer evidence, examine or cross-examine witnesses or other parties, and present argument on the matters subject to the hearing. A property owner who is entitled to a hearing may appear in person or by agent as provided by Section 1.111, Tax Code. A taxing unit entitled to protest may appear by a designated agent. Hearings are open to the public, except executive sessions to consider pending or contemplated litigation or other matters as provided by law. A copy of these hearing procedures shall be posted in a prominent place in the room in which the hearing is held.

Following is a brief explanation of the typical appeal process, along with a number of hints for making this process a less stressful experience.

The Appraisal Review Board of Guadalupe County consists of individuals with a good general knowledge of the area. Once appointed by the Board of Directors, they are independent and not subject to influence from the appraisal district. The Appraisal Review Board is committed to finding reasonable and legal solutions where the appraisal district and a taxpayer have an unresolved difference of opinion.

To obtain a hearing, you must file a written protest with the appraisal district. Prior to an Appraisal Review Board hearing, you may have an informal hearing with a district staff appraiser. More often then not, appeals are resolved at this informal hearing.

First and foremost, be sure that your property is correctly described in the appraisal records. The problem may be nothing more than a clerical or descriptive error. For either hearing, a good presentation of the facts would include:

a) Pictures or other evidence of the condition or your property; Please note that pictures or other data submitted as evidence must be left with the ARB and will become a part of the permanent file.
b) A recent sale of your property or sales of other similar or comparable properties;
c) A recent private appraisal;
d) Building cost data, receipts, cancelled checks, etc.;
e) For agricultural property: leases, sales, receipts, Schedule F of your tax returns, etc.

If your appeal is not resolved at the informal hearing, you will be notified of the time and place of your formal hearing with the Appraisal Review Board. If you are unable to appear at your hearing, it is important to notify the appraisal district prior to your scheduled hearing. **You must request rescheduling at least seven (7) days prior to your scheduled hearing, unless the reason for rescheduling is illness, death of an immediate family member, or an act of God.** The Appraisal Review Board will reschedule your hearing **once and only once**. If you are late for your scheduled appointment, the ARB may still hear your appeal, but you will have to wait for an opening in the schedule.

Reasons for which hearings may be rescheduled, and original appointments scheduled after certification, are, but are not limited to: illness, accident, death (immediate family), or an act of God. (July 13, 1994 amendment)

**If you do not appear on the date of your hearing, and fail to request rescheduling, your appeal will be dismissed at the end of that day's session for failure to appear, and no rescheduling will be allowed.**

If you do not want to appear personally, you may submit your testimony and evidence in the form of a sworn, notarized affidavit. You may also designate, in writing, an individual to represent you.

**You should arrive five minutes or so prior to your scheduled hearing, for processing. Hearings are scheduled at twenty minute intervals, and are conducted in the following manner:**

1. Minutes of hearing are tape recorded in lieu of hand-written minutes.
2. Property owners or agents may also record the hearing; simply inform the Appraisal Review Board if you plan to do so.
3. Board members hearing the protest shall execute affidavits regarding ex parte contract.
4. All witnesses will be sworn.
5. The appraisal records for the property under protest will be admitted into the record.
6. The property owner or the taxing unit (or the agent of either) will state the nature of the complaint and present evidence and argument.
7. The appraisal office will present its evidence and argument.
8. The board shall permit cross-examination if requested by either party.
9. Parties may make brief closing statements.

The board or a panel conducting a hearing may alter the order of the proceedings for any hearing. The board or panel may delegate this authority to the chairperson.

The Appraisal Review board may at this time render a final determination. In the event the decision is postponed, you will be given the time and place of the meeting at which the Appraisal Review Board will make a final determination. In all cases, you will receive written notice of the final determination.

The Appraisal Review Board hearings are as informal as possible, but all times the hearing must be orderly. Please remember that a brief and courteous presentation generally yields the best results, and disruptive behavior is not only unproductive, it is illegal.

All evidence, including pictures, submitted for the appeal or during the hearing will become a permanent part of your hearing record and will remain with the appraisal district.

Finally, relax. Your Appraisal Review Board hearing is not a trial, but a genuine attempt to serve you and your property rights. Your opinions are important and will be heard and considered.

If you need additional information or help, please call the appraisal district office at 830.372.2871 or Bexar Metro at 830. 303.3313. We are always willing to be of assistance.

Adopted February 19, 1991
Amended September 21, 1991
Amended May 19, 1992
Amended June 24, 1992
Amended July 13, 1994
Amended May 27, 1998

David Good
1159 Rivertree Dr
New Braunfels, Tx 78130

Guadalupe Appraisal District
3000 N Austin
Seguin, Tx 78155

On Jan 28, 08 I received the attached. Please understand that I cannot be ready for a hearing on less than two weeks notice.

Also, you have John Sheasley as owner, he is no longer the owner.

Thank you,

David Good

Exhibit "9"

Comptroller 50-132 (Rev. 2-98/3)
of Public [41.44 (12/89) Rule 9.801)
Accounts

# PROPERTY TAX - NOTICE OF PROTEST

| Appraisal district name | Phone (Area code and number) |
| --- | --- |
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871 |

| Address |
| --- |
| GUADALUPE APPRAISAL DISTRICT SEGUIN, TX 78155 |

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property subject to the protest, you must have a contact requiring you to pay the property taxes on the property.

**FILING DEADLINES:** The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31.

A different deadline will apply to you if:
- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal district for your specific protest filing deadline. The ARB will determine if good cause exists for missing a deadline. Good cause means that something beyond your control, such as a medical emergency, prevented you from meeting the deadline.

**WEEKENDS, HOLIDAYS:** If your deadline falls on a Saturday, Sunday or other legal holiday, it is postponed until midnight of the next working day.

| **Step 1:** Owner's or lessee's name and address | Owner's or lessee's full name<br>SHEESLEY JOHN | | Contact | |
| --- | --- | --- | --- | --- |
| | Owner's or lessee's present mailing address (number and street)<br>208 MORTON | | Hm. Phone (area code and number) | |
| | City, town or post office, state, ZIP code<br>SAN ANTONIO, TX 78209 | | Bus. Phone (area code and number) | |

| **Step 2:** Describe property under protest | Give street address and city if different from above, or legal description if no street address<br>ABS: 134 SUR: JOSE FLORES 1.000 AC. |
| --- | --- |
| | Appraisal district account number (optional)<br>Property ID: 107520    GEO ID: 2G0134-0000-01105-0-00 |
| | Mobile homes: (Give make, model and identification number) |

| **Step 3:** Check reasons for your protest | ☐ Value is over market value | ☐ Exemption was denied, modified or cancelled. |
| --- | --- | --- |
| | ☐ Owner's name is incorrect. | ☐ Change in use of land appraised as ag-use, open-space or timber land |
| | ☐ Property should not be taxed in<br>_____<br>(name of taxing unit) | ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled |
| | ☐ Failure to send required notice.<br>_____<br>(type) | ☐ Value is unequal compared with other properties. |
| | | ☐ Property description is incorrect. |
| | ☐ Other: _____ | ☐ Property should not be taxed in this appraisal district or in one or more taxing units. |

| **Step 4:** Give facts that may help resolve your case (continue on additional page if needed) | _____<br>_____<br><br>What do you think your property's value is? (Optional)  $ _____ |
| --- | --- |

| **Step 5:** Check to receive ARB hearing procedures | I want the ARB to send me a copy of its hearing procedures.<br><br>☐ Yes     ☐ No *<br><br>* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures |
| --- | --- |

| **Step 6:** Sign the application | Signature<br>sign<br>here ➡ | Date |
| --- | --- | --- |

True Automation, Inc.

County of Guadalupe
State of Texas

Guadalupe Appraisal District
Appraisal Review Board

## MOTION TO CORRECT
## ONE-THIRD OVER-APPRAISAL ERROR

Movant **SHEESLEY JOHN** ,owner of property described as **ABS: 134 SUR: JOSE FLORES 1.000 AC.,**
parcel number **2G0134-0000-01105-0-00**, brings this motion for a hearing to correct a one-third over-appraisal error regarding the described property on the appraisal roll certified by this Appraisal Review Board on July 18, 2007.

Movant states that the property taxes due for the 2007 tax year have not become delinquent, and the movant property owner has complied with the provisions of Sec. 42.08 of the Texas Property Code and has not forfeited the right to appeal for non-payment of taxes.

Movant states that the property described above is located within the Guadalupe Appraisal District. Further, movant states that the property described above is located within the taxing units listed below:

CAD, GCO, LTR, MAS

Movant states the one-third over-appraisal error is as follows:

____ Appraisal value of **$12,500.** is at least one-third over actual market value.
____ Actual market value of property is $_____.

Movant makes this motion pursuant to Sec. 25.25 (d) and (e), Texas Property Tax Code, and requests that the Appraisal Reviews Board schedule a hearing to determine whether to correct the error. Movant requests that the Appraisal Review Board send notice of the time, date and place fixed for the hearing, not later that 15 days before the scheduled hearing, to the presiding officer of the governing body of each taxing unit where the property is located.

Respectfully submitted,

_____     Date _____
Movant

# Guadalupe Appraisal District

Paul Soto
*Chairman*
Cecil Schulze
*Vice Chairman*
Sylvia Schlather
*Secretary*
Greg Gilcrease
*Member*
Tavie Murphy
*Member*

Main Location
3000 N. Austin Street
Seguin, Texas 78155
830.303.3313
830.372.2874 Fax

Schertz Substation
1101 Elbel Rd.
Schertz, Texas 78154
210.945.9708 ext. 202
210.566.1334 Fax

Jamie Osborne
*Chief Appraiser*

01/14/08

# NOTICE OF HEARING
## 1/3 OVER-APPRAISAL SEC. 25.25 (d)

**TAXING JURISDICTIONS:**

CAD, GCO, LTR, MAS

RE:     **Account Number**   :2G0134-0000-01105-0-00
        **Legal Description** :ABS: 134  SUR:  JOSE FLORES  1.000 AC.

A hearing for 1/3 Over-Appraisal has been scheduled on the above referenced property.

        **Date  :02/12/2008**
        **Time  :1:00PM- 1:20PM**
        **Place : Guadalupe Appraisal District**
                **3000 N. Austin St.**
                **Seguin, TX 78155**

Per Section 25.25(e) of the Texas Property Tax Code, each taxing unit is entitled to present evidence and argument at the hearing and to receive written notice of the board's determination.

Respectfully Submitted,

*Kathryn Vermillion / Shee*

Kathryn Vermillion, Secretary
Appraisal Review Board

**DAVID GOAD**
**1154 RIVERTREE DRIVE**
**NEW BRAUNFELS, TEXAS 78130**
**830-515-2052**

August 3, 2009

Guadalupe County Tax Office
P. O. Drawer 70
Seguin, Tx. 78155-0070

Re:    Goad, David C.
        Custodian for ;Kristin G. & Natalie H. Goad
        Account No. R146794
        ABS: 134 Sur. Jose Flores 1.000 Ac.

To Whom It May Concern:

Please be advised that Guadalupe County Sheriff's Officers stood guard while a fence was erected, permanently blocking access to the property. My inability to access the property renders the property useless/valueless. Federal litigation is pending with regard to these issues.

Please direct the tax bill to Robert Etlinger, Assistant Guadalupe County Attorney, for payment.

Sincerely,

_David Goad_
David Goad

_Aug 3, 09_
Date

I certify that on August 3, 2009 I deposited this letter in an official depository of the United States Postal Service, properly posted by first class mail.

_Aug. 3, 2009_

_Sandi Spurgeon_
Sandi Spurgeon

*[handwritten annotation:] was forwarded to office Jamie Osborne's office (Tax Assessor) as per Tavie Murphy. July 9, 2014. @ 3:15 p.m. "I got a few Letters and Notices from you"*

*[handwritten:] Exhibit "10"*

000-001

David Good
1154 Riveroaks Pl
New Braunfels, Tx 78130

8/4/09

Guadalupe Tax Office
P.O. Drawer 70
Seguin, Texas 78155

R146794

Please be advised that along with the letter yesterday I wish to protest the value placed on this 1 new parcel

Thank you

David Good

Exhibit "11"

**Jamie Osborne**

| | |
|---|---|
| **From:** | 1983remedies@gmail.com |
| **Sent:** | Tuesday, April 15, 2014 11:04 AM |
| **To:** | Jamie Osborne |
| **Subject:** | Goad property photo |
| **Attachments:** | Document (3).jpg |

Hola,
Attached please find the photo I spoke of.

I wish to memorialize your statements (April 15, 2014) wherein your office has no correspondence(s) from myself or the Guadalupe County Attorney regarding the valuation(s) of the Goad property at Zuehl Airfield.

Thank You
David Goad

1

Exhibit "12"

**Subject:** Sanitized file
**From:** 1983remedies@gmail.com
**Date:** 5/6/2014 11:49 AM
**To:** Jamie Osborne <josborne@guadalupead.org>

I figured that someone in your office sanitized the file. Don't worry, I'm well documented.

Thank You
David Goad

On 5/5/2014 4:09 PM, Jamie Osborne wrote:

> Mr. Goad,
>
> Hello. I hope this finds you well. Attached are documents related to your request.
>
> Thank you for your time and effort in this regard. Should there be any other items that our office may further assist with, please advise.
>
> Sincerely,
> *Jamie Osborne, R.P.A.*
> *Chief Appraiser*
> *Guadalupe Appraisal District*
> *3000 N. Austin Street*
> *Seguin, Texas 78155*
> *830.303.3313*
> *www.guadalupead.org*
> **Customer Service Survey-Please click the link below and tell me how I am doing? Please place my name or email address in the survey.**
>
> **http://www.surveymonkey.com/s/6DMXH9L**
>
> CONFIDENTIALITY STATEMENT
> This transmission is intended only for the persons or entities to which it is addressed. The information transmitted herein may be(1) proprietary or strictly confidential material, (2) be subject to the Attorney-Client Privilege, or (3) an attorney work product. Review, reproduction, retransmission, distribution, disclosure or any other use, and any consequent action taken by persons or entities other than the intended recipients, are prohibited and may be unlawful. If you have received this in error, please contact the sender only and delete and destroy all forms of this communication (electronic and paper). Unauthorized interception of the email is a violation of federal criminal law. Although reasonable precautions have been taken to ensure that no viruses are present, the Guadalupe Appraisal District, makes no warranty or guaranty with respect thereto, and is not responsible for any loss or damage arising from the receipt or use of this e-mail or attachments hereto.
> Please be advised that the Guadalupe Appraisal District does have an Email policy that includes monitoring and may include printing out and reading all email leaving, entering, or stored in these systems.

*Exhibit "13"*

# PROPERTY TAX - NOTICE OF PROTEST - 2013

| Appraisal district name | Phone (Area code and number) |
|---|---|
| GUADALUPE APPRAISAL DISTRICT | 830 372 2871  830 303 3313 |

Address
3000 N AUSTIN STREET  SEGUIN, TX  78155

This document must be filed with the appraisal review board (ARB) for the appraisal district that took the action(s) you want to protest. It must not be filed with the office of the Texas Comptroller of Public Accounts.

GENERAL INSTRUCTIONS: Pursuant to Tax Code Section 41.41, a property owner has the right to protest certain actions taken by the appraisal district. This form is for use by a property owner or designated agent who would like the ARB to hear and decide a protest. If you are leasing the property, you are subject to the limitations set forth in Tax Code Section 41.413.

FILING DEADLINES: The usual deadline for filing your notice is midnight, May 31.
A different deadline will apply to you if:
- your notice of appraised value was delivered after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- in certain limited circumstances, you had good cause for missing the May 31 protest filing deadline.

Your specific protest filing deadline is printed on the appraisal notice.

ASSISTANCE: The Comptroller's office may not advise a property owner, a property owner's agent, or the chief appraiser or another employee of an appraisal district on a matter that the Comptroller's office knows is the subject of a protest to the ARB.

State the Year(s) for Which You are Protesting: _____
Tax Year(s)

| | | |
|---|---|---|
| **Step 1:** Owner's or lessee's name and address | Owner's or lessee's first name & initial | Last Name |
| | GOAD DAVID | |
| | Owner's or lessee's current mailing address (number & street, city, town or post office, state, zip code) | |
| | CUSTODIAN FOR NATALIE H GOAD  1154 RIVERTREE DR  NEW BRAUNFELS, TX  78130 | |
| | Daytime Phone (area code and number) | Evening Phone (area code and number) |

**Step 2:**
Describe property under protest

Give street address and city if different from above, or legal description if no street address
WINDSOCK TX - ABS  134  SUR: JOSE FLORES  1.000 AC.

Appraisal district account number (optional)
Property ID: 107520   Geo ID: 2G0134-0000-01105-0-00
Mobile homes: (Give make, model and identification number)

Failure to check a box may result in your inability to protest an issue. If you check "Value is over market value", you are indicating that the appraised value is excessive and your property would not sell for the amount determined by the appraisal district. If you check "Value is unequal as compared to other properties", you are indicating that your property is not appraised at the same level as a representative sample of comparable properties, appropriately adjusted for condition, size, location and other factors. Your property may be appraised at its market value but be unequally appraised. An appraisal review board may adjust your value to equalize it with other comparable properties. Please check all boxes that apply in order to preserve your rights so that the appraisal review board may consider your protest according to law.

**Step 3:**
Check reason(s) for your protest

☐ Value is over market value.

☐ Value is unequal compared with other properties.

☐ Property should not be taxed in _____ (name of taxing unit)

☐ Failure to send required notice. _____ (type)

☐ Other: _____

☐ Exemption was denied, modified or cancelled.

☐ Change in use of land appraised as ag-use, open-space, or timber land.

☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled.

☐ Owner's name is incorrect.

☐ Property description is incorrect.

☐ Property should not be taxed in this appraisal district or in one or more taxing units.

**Step 4:**
Give facts that may help resolve your case (continue on additional page if needed)

_____
_____
_____

What do you think your property's value is?  (Optional)  $_____

**Step 5:**
Check to receive ARB hearing procedures

I want the ARB to send me a copy of its hearing procedures
☐ Yes   ☐ No*

* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures.

**Step 6:**
Sign the protest

print here ↓  Print Name _____   Date _____

sign here ↓  Signature _____

*Exhibit "14"*



Property Tax
# Form 50-132

# Property Appraisal – Notice of Protest

**Guadalupe Appraisal District**

830-303-3313
Phone (area code and number)

Appraisal District's Name

3000 N. Austin Street          Seguin, Texas 78155

Address

**INSTRUCTIONS:** If you want the appraisal review board to hear and decide your case, you must file a written notice of protest with the appraisal review board (ARB) for the appraisal district that took the action you want to protest. If you are leasing the property, you are subject to the limitations set forth in Texas Tax Code, section 41.413.

**FILING DEADLINES:** The usual deadline for filing your notice (having it postmarked if you mail it) is midnight, May 31.

A different deadline will apply to you if:

- your notice of appraised value was delivered to you after May 2;
- your protest concerns a change in the use of agricultural, open-space or timber land;
- the appraisal district or the ARB was required by law to send you notice about a property and did not; or
- the ARB made a change to the appraisal records that adversely affects you and you received notice of the change;
- in certain limited circumstances, you had good cause for missing the May 31 protest filing deadline.

Contact the appraisal review board for your specific protest filing deadline.

**POSTPONEMENT OF HEARING:** You are entitled to one postponement of the hearing on your protest without showing cause if you have not designated an agent to represent you at the hearing and you request the postponement with the appraisal review board before the date of the hearing. You are also entitled to postpone your hearing if you or your agent show good cause for the postponement. "Good cause" is defined in Texas Tax Code, section 41.45(e-2) as a "reason that includes an error or mistake that: (1) was not intentional or the result of conscious indifference; and (2) will not cause undue delay or other injury to the person authorized to extend the deadline or grant a rescheduling."

**ASSISTANCE:** The Comptroller (including the Property Tax Assistance Division) may not advise a property owner, a property owner's agent, an appraisal district, or an appraisal review board on a matter that the comptroller knows is the subject of a protest to the appraisal review board.

## STEP 1: Owner's or lessee's name and address.

DAVID

Owner's or Lessee's First Name and Initial

GOAD

Last Name

1154 Riverlaxx Dr

Owner's or Lessee's Current Mailing Address (number and street)

New Braunfels Tx 78130

City, State, ZIP Code

830-515-2052

Phone (area code and number)

## STEP 2: Describe property under protest

Give Street Address and City if Different from Above, or Legal Description if No Street Address

Property ID 107520

Appraisal District Account Number (if known)

Mobile Homes (give make, model and identification number)

## STEP 3: Check reasons for your protest

Failure to check a box may result in your inability to protest an issue. If you check "value is over market value," you are indicating that the appraised value is excessive and your property would not sell for the amount determined by the appraisal district. If you check "value is unequal as compared to other properties," you are indicating that your property is not appraised at the same level as a representative sample of comparable properties, appropriately adjusted for condition, size, location, and other factors. Your property may be appraised at its market value, but be unequally appraised. An appraisal review board may adjust your value to equalize it with other comparable properties. Please check all boxes that apply in order to preserve your rights so that the appraisal review board may consider your protest according to law.

- ☒ Value is over market value.
- ☒ Value is unequal compared with other properties.
- ☐ Property should not be taxed in _____ (name of taxing unit)
- ☐ Failure to send required notice. _____ (type)
- ☐ Exemption was denied, modified or cancelled.

- ☐ Change in use of land appraised as ag-use, open-space or timber land.
- ☐ Ag-use, open-space or other special appraisal was denied, modified or cancelled.
- ☐ Owner's name is incorrect.
- ☐ Property description is incorrect.
- ☐ Property should not be taxed in this appraisal district or in one or more taxing units.
- ☒ Other: this is out right theft

The Property Tax Assistance Division at the Texas Comptroller of Public Accounts provides property tax information and resources for taxpayers, local taxing entities, appraisal districts and appraisal review boards.

For more information, visit our website www.window.state.tx.us/taxinfo/proptax

50-132  03-12/1

Exhibit "J"


## STEP 4: Give facts that may help resolve your case (continue on additional page if needed).

This is a fraudulent appeasal

What do you think your property's value is? (Optional)   $ _____

## STEP 5: Check to receive ARB hearing procedures.

I want the ARB to send me a copy of its hearing procedures.   ☐ Yes   ☐ No*

\* If your protest goes to a hearing, you will automatically receive a copy of the ARB's hearing procedures.

## STEP 6: Sign here.

sign here ▶ _[signature]_____   Date 5/31/13

Signature

*This is NOT a tax Statement*

*Do Not Pay From This Notice*

**GUADALUPE APPRAISAL DISTRICT**
3000 N. AUSTIN ST.
SEGUIN, TEXAS 78155
Phone: 830/372-2871  830/303-3313
Fax: 830/372-2874
Schertz Office: 210/945-9708  Ext 202

April 8, 2013

Property ID 107520
Ownership %: 100.00
Geo ID: 2G0134-0000-01105-0-00
DBA:
Legal: ABS: 134  SUR: JOSE FLORES  1.000 AC.
Legal Acres: 1
Situs: WINDSOCK  TX
Owner ID: 157096

Property ID: 107520 - 2G0134-0000-01105-0-00
GOAD DAVID
CUSTODIAN FOR NATALIE H GOAD
1154 RIVERTREE DR
NEW BRAUNFELS, TX 78130-2425

**APPRAISAL NOTICE**

Dear Property Owner,

We have appraised the property listed above for the tax year 2013.  As of January 1, our appraisal is outlined below:

| Appraisal and Taxes | Last Year 2012 | Proposed 2013 |
|---|---|---|
| Structure / Improvement Market Value | 0 | 0 |
| Market Value of Non Ag/Timber Land | 12,500 | 21,713 |
| Market Value of Ag/Timber Land | 0 | 0 |
| Market Value of Personal Property/Minerals | 0 | 0 |
| Total Market Value | 12,500 | 21,713 |
| Productivity Value of Ag/Timber Land | 0 | 0 |
| Appraised Value* (Possible Homestead Limitations, see asterisk below) | 12,500 | 21,713 |
| Homestead Cap Value excluding Non-Homesite Value (i.e. Ag, Commercial) | 0 | 0 |

**Exemptions**

| 2012 Taxable Value | Taxing Unit | 2013 Proposed Appraised Value | 2013 Exemption Amount | 2013 Taxable Value | 2012 Tax Rate | 2012 Estimated Taxes | 2013 Frozen Year and Tax Ceiling |
|---|---|---|---|---|---|---|---|
| 12,500 | GUADALUPE COUNTY | 21,713 | 0 | 21,713 | 0.345600 | 75.04 | |
| 12,500 | LATERAL ROAD | 21,713 | 0 | 21,713 | 0.056000 | 12.59 | |
| 12,500 | MARION ISD | 21,713 | 0 | 21,713 | 1.280000 | 277.92 | |

**Do NOT Pay From This Notice**

**Total Estimated Tax $365.55**

The difference between the 2008 appraised value and the proposed 2013 appraised value is 73.70%.  This percentage information is required by Tax Code section 25.19(b-1).

*The Texas Legislature does not set the amount of your local taxes. Your property tax burden is decided by your locally elected officials and all inquiries concerning your taxes should be directed to those officials.*

The above tax estimates use last year's tax rates for the taxing units shown.  The governing body of each unit (school board, county commissioners, city council and so forth) decides whether property taxes increase.  The appraisal district only determines your property value.  The taxing units will set tax rates later this year.

\* Your residence homestead is protected from future assessed value increases in excess of 10% per year from the date of the last appraisal PLUS the value of any new improvements.

\*\* If you are 65 years of age or older and received the $10,000 school tax exemption on your home last year from the school listed above, your school taxes for this year will not be higher than when you first received the exemption on this home. If you are disabled and received the $10,000 school tax exemption on your home last year from the school listed above, your school taxes for this year will not be higher than the 2003 taxes or the first year you received the exemption, whichever is later. If your county, city, or junior college has approved a limitation on your taxes in the preceding year, your county, city, or junior college taxes will not be higher than the first year your county, city, or junior college approved the limitation or the first year you qualified for the limitation. If you improved your property (by adding land, square footage or buildings) which were not previously accounted for on the appraisal roll, your school, county, city, or junior college ceiling may increase for these improvements. If you are a surviving spouse , age 55 or older, you may retain the school, county, city, or junior college tax ceiling.

Contact the appraisal office if you disagree with this year's proposed value for your property or if you have any problem with the property description or address information. If the problem cannot be resolved, you have the right to appeal to the appraisal review board (ARB).

To appeal, you must file a written protest with the ARB before the deadline date:

| | |
|---|---|
| Deadline for filing a protest: | May 31, 2013 |
| Location of Hearings: | 3000 N. AUSTIN ST/SEGUIN, TX 78155 |
| ARB will begin hearings: | May 8, 2013 |

Enclosed is a protest form to send the appraisal district office if you intend to appear and present evidence before the ARB. The ARB will notify you of the date, time and place of your scheduled hearing. Enclosed, also, is information to help you in preparing your protest. You do not need to use the enclosed form to file your protest. You may protest by letter, if it includes your name, your property's description, and your reason for protesting.

If you have any questions or need more information, please contact the appraisal district office at the telephone or address shown above.

Sincerely,

Chief Appraiser


**Y**ou are entitled to an explanation of the remedies available to you when you are not satisfied with the appraised value assigned to your property by your appraisal district. The Texas Comptroller of Public Accounts is required to publish an explanation of the remedies available to taxpayers and procedures to be followed in seeking remedial action. The Comptroller also must include advice on preparing and presenting a protest.

The Legislature further directs that copies of this document be made readily available to taxpayers at no cost. The chief appraiser of an appraisal district may provide a copy with the *Notice of Appraised Value* mailed to property owners to explain the time and procedures used in protesting the value of their property. The chief appraiser must provide another copy to property owners initiating protests.

The first step in exercising your rights under the Tax Code is to protest your property's appraised value. The following remedies only address appraised values and related matters. Government spending and taxation are not the subjects of this publication and must be addressed by local taxing units.

## How to Protest Property Value

If the appraisal district appraises your property at a higher amount than in the previous year, state law requires the appraisal district send a notice by May 1, or by April 1 if your property is a residential homestead, or as soon as practical thereafter. The notice must separate the appraised value of real and personal property and show an estimate of how much tax you would have to pay based on the same tax rate your city, county, school district and any special purpose district set the previous year.

The notice will also include the date and place the appraisal review board (ARB) will begin hearing protests and may tell

must have a website. Contact your local appraisal district for more details on filing a protest electronically.

## What Can be Protested

The *Notice of Protest* may be filed using the prescribed form on the Comptroller's website: www.window.state.tx.us/taxinfo/taxforms/50-132.pdf. The notice need not be on this form. Your notice of protest is sufficient if it identifies (1) the protesting person claiming an ownership interest in the property, (2) the property that is the subject of the protest and (3) dissatisfaction with a determination of the appraisal district.

You may protest the value on your property in the following situations:

- the value the appraisal district placed on your property is too high;
- your property is unequally appraised;
- the appraisal district denied a special appraisal, such as open-space land, or incorrectly denied your exemption application;
- the appraisal district failed to provide you with required notices; or
- other matters prescribed by Tex. Tax Code §41.41(a).

## How to Complete the Protest Form

If using the protest form, these tips will help ensure that you can present your evidence and preserve your appeal rights.

- You should pay particular attention to the reason for protest section of the form.
- What you check as the reason for the protest influences the type of evidence you may present at your hearing.
- Your appeal options after the hearing are influenced by what you protest.

your concerns at the informal meeting with the appraisal district.

Find out the process your appraisal district follows. Try to discuss your protest issue with the appraisal office in advance. Ask one of the appraisal district's appraisers to explain how the district arrived at the value of your property. Be sure the property description is correct and that the measurements for your home or business and lot are accurate. Many appraisal districts have this information online.

## What is an ARB?

The ARB is an independent, impartial group of citizens authorized to resolve disputes between taxpayers and the appraisal district. Although, in most counties, the ARB is appointed by the appraisal district board of directors, it is not controlled by the appraisal district.

Bringing a protest before the ARB is a formal process; it is somewhat like taking a case to a court for resolution. The ARB must follow certain procedures that may be unfamiliar to you. It must base its decisions on facts it hears from you and the appraisal district to decide whether the appraisal district has acted properly in determining the value of your property.

ARB members cannot discuss your case with anyone outside of the hearing. You should know, however, that your protest hearing is open to the public; anyone can sit in and listen to the case.

## When are Protests Filed?

You should file your *Notice of Protest* with the ARB no later than 30 days after the appraisal district mailed the *Notice of Appraised Value*. You may request an evening or weekend hearing. The ARB will notify you at least 15 days in advance of the date, time and place of your hearing. If you are not represented by an agent, you are entitled to one postponement of the hearing to a later date without showing cause. The ARB

STATE OF TEXAS )(
)( KNOW ALL MEN BY THESE PRESENTS
)(

Office of Tavie Murphy Tax Assessor-Collector

Installment Agreement

THAT WHEREAS, the undersigned Payer acknowledges liability to the taxing unit for delinquent taxes for the year (s) and amounts and on the property indicated herein; and

WHEREAS, the undersigned Tax Collector for the tax unit indicated hereby acknowledges that pursuant to Section 33.02, Texas Property Tax Code, the statutory authority exists for the collection of delinquent taxes by installment payments;

NOW THEREFORE the undersigned Payer and Tax Collector hereby enter into the following Agreement for the payment of delinquent taxes, penalty and interest over a period of time not to exceed 36 months:

I.

Payer agrees to pay, under the terms set forth herein, the full amount of the delinquent taxes, penalty, interest and attorney's fees accrued as of this date in addition to interest and penalty which will accrue on the unpaid taxes as provided by the Texas Property Tax Code. Payer further agrees to pay when due any other Property Taxes hereafter levied by this taxing unit which are the liability of the Payer. It is agreed by the parties that partial payments shall be proportionately credited to the different entities for which taxes are assessed by the Tax Office and due by Payer. The Payer agrees that the Tax Collector may apply the payments to any tax account described in this agreement.

II.

Tax Collector agrees that upon execution of this Agreement, no suit will be filed for collection of the delinquent taxes which are the subject of this Agreement, nor will the property described herein be seized or sold unless the Payer defaults under this Agreement;

1. Failing to make a payment as required by this Agreement;
2. Failing to pay, when due, any other property taxes hereafter levied by this taxing unit which are the liability of the Payer; or
3. Breaching any other condition of this Agreement.

Notwithstanding any terms contained herein to the contrary, the Tax Collector may proceed to obtain a judgement in any lawsuit to collect the delinquent taxes which is pending on the date of the execution of this Installment Agreement.

III.

In the event of Payer's default under this Agreement, the Tax Collector shall have the right to immediately file suit for the collection of delinquent tax, penalty, and interest still due and owing under this Agreement plus court costs and attorney's fees as permitted by law. It is agreed that the Tax Collector may intervene in any suits against Payer which may be filed by other taxing units.

IV.

THE EXECUTION OF THIS INSTALLMENT AGREEMENT BY PAYER IS AN IRREVOCABLE ADMISSION OF LIABILITY FOR ALL TAXES, PENALTIES, AND INTEREST THAT ARE THE SUBJECT OF THIS AGREEMENT.

V.

Exhibit "16"

Installment Agreement Start Date:   10/30/2013

Owner:   GOAD DAVID

Taxing Unit(s):  Marion Isd, Lateral Roads, Guadalupe County

Year(s) for which taxes are delinquent:  2012, 2011, 2010, 2009, 2008

Delinquent taxes not including penalty, interest or attorney fees as of this date:  $902.28

Property Description
2G0134-0000-01105-0-00    R146794    ABS: 134 SUR: JOSE FLORES 1.000 AC.

Method of Payment: Taxes, penalty and interest shall be due in installments of $50.00 or more
each, payable Monthly, 30th day of every month beginning 10/30/2013 and continuing regularly
thereafter until all delinquent taxes, penalty and interest have been fully paid.

Place of Payment: Office of Tavie Murphy Tax Assessor-Collector
                  Guadalupe Tax Office
                  307 W. Court
                  Seguin, TX 78155

Witness the signatures of the parties this 09/05/2013

By: _____  (512)939-3604
GOAD DAVID

CUSTODIAN FOR NATALIE H GOAD

NEW BRAUNFELS, TX 78130

By: _____

Office of Tavie Murphy Tax Assessor-Collector

CAUSE NO. JSC4-4995

| DAVID GOAD | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT NO. FOUR |
| | § | |
| JAMIE OSBORNE | § | |
| Defendant. | § | |
| | § | GUADALUPE COUNTY, TEXAS |

## AGREED RECORD OF SEPTEMBER 10, 2014 HEARING

This AGREED RECORD of the September 10, 2014, hearing comes unopposed by the defendant or Judge Friesenhahn. Therefore, in the name of justice, it is agreed, this record shall memorialize the hearing that day.

1. **Judge:** We are here on two cases David Goad v. Erick Strey, and David Goad v. Jaime Osborne.

2. **Judge:** We are going to address the motions in the order received by the court.

3. **Goad:** Objection, The Motion for Fair Trial and Venue Change should be addressed first, it sets precedence over all other motions because it is written law, and I can find no exception to that law, a new law, first adopted one year ago, it is also a constitutional issue.

4. **Judge:** The problem is it is a Fair Trial Venue motion and were not at trial.

5. **Judge:** The motion is denied.

6. **Sloan:** There are three grounds in the partial summary judgment in which my clients are entitled to, governmental immunity, substantive due process, and procedural due process. Mr.

*Exhibit "17"*

Goad did not participate in either, as he did not make a protest in the relevant years. This is a lawsuit that should be filed against the appraisal district and not my clients. Mr. Goad's pleadings are groundless and should not be allowed by this court.

7. **Goad:** I object to everything that wasn't plead in his first responsive pleading. We are here on an issue of immunity. This whole hearing should be focused upon that. I will speak on federal law because it is over state law. The state cannot make a law the trumps federal law as I have stated in my pleadings. If I could have brought in witnesses today this thing would be over with and all we would have to do is assemble a jury for damages. Hopefully, and indictment would be issued.

8. **Goad:** (Reads from his First Amended Complaint): #6 thru #24. I provide both law from the United States Supreme Court and the 5th District which is over this court. This is all based upon federal law.

9. **Judge:** We're going by state law because we're in state court not a federal court.

10. **Goad:** Can I pull up federal case law to prove my point. I have all the books here on the federal case law that allows state courts to hear these matters. Also, state law does not allow immunity when someone acts in a fraudulent manner.

11. **Judge:** We are here for two motions, immunity and subject matter jurisdiction. I agree that state law does not trump federal law, but we are not in federal court we are in state court.

**12. Goad:** I would like to cite federal law from the books I brought from the number one man quoted in the U.S. Supreme Court. You cannot erase federal law because we are in a state court.

**13. Judge:** The problem is I don't have jurisdiction in this case. This case has to be in district court. You say you sued them individually and not the appraisal district, its got to be in district court. I cannot hear a case against the appraisal district, sorry. When the documents were stored at the appraisal district and sanitized the appraisal district was involved. I have no jurisdiction in this case.

Respectfully submitted,

DAVID GOAD, Plaintiff
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on Sept 24, 2014, this **AGREED RECORD** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad